IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAYTON BROWN,

    PLAINTIFF,

V.                                                    CIVIL ACTION NO.

STERLING RESTAURANTS, LLC
d/b/a Moe's Southwest Grill,

    DEFENDANT.                                   JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against sexual harassment and pendent state claims.

2.   Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

**II.   PARTIES**

3. Plaintiff, Dayton Brown, hereinafter "Plaintiff," is a citizen of the United States and at the time of the facts made the basis of this Complaint, she was a resident of Vandiver, Shelby County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, Sterling Restaurants, LLC d/b/a Moe's Southwest Grill. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

**III.   STATEMENT OF THE FACTS**

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on or about August 11, 2014.

7. Defendant employed Plaintiff at its store location on Highway 280 in Mountain Brook, Alabama.

8. Over the course of the employment relationship, Defendant promoted Plaintiff to the position of Shift Manager.

9. At all times while employed with Defendant, Plaintiff performed her

2

job duties in a competent or better manner.

**IV.    COUNT ONE – Title VII – Sexually Hostile Work Environment**

10.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 9 above.

11.    Plaintiff is a female.

12.    During February 2016, Defendant hired Scotty L. Williams as an employee to work in Defendant's Mountain Brook location.

13.    Shortly after Defendant hired Williams, Williams commenced and created a sexually hostile environment towards Plaintiff that was unwelcomed and repeatedly interfered with Plaintiff's ability to perform her job duties.

14.    On several occasions, Williams propositioned Plaintiff to have sex with him.

15.    Williams stated that he would provide Plaintiff with better sexual pleasure than could her husband.

16.    Williams made comments to Plaintiff about the size of his genitalia.

17.    Williams made comments to Plaintiff like "I would "f*ck the sh*t out of you" and "I will bend you over right here."

18.    On a daily basis, Williams directed sexually inappropriate comments to Plaintiff.

19.    In March of 2016, Plaintiff walked outside of the restaurant to go to

the shed in the rear of the building to locate the store's plunger to tend to a problem in the women's restroom.

20. Williams followed behind Plaintiff and stated that he was going to "help [her] find it."

21. As Plaintiff was bending over to move a few boxes around to find the plunger, Williams pressed his body extremely close to Plaintiff, wrapped his arms around her, and put his hands on her vaginal area.

22. Plaintiff quickly turned around, but Williams was right in her face as he was attempting to kiss her.

23. Plaintiff was able to get away from Williams and returned inside the building.

24. Through text message, Plaintiff initiated communication with Defendant's District Manager, Calum Naugher, to report Mr. Williams' behavior and the assault.

25. A day after Plaintiff sent the text message to Naugher, he spoke to Plaintiff over the telephone.

26. Plaintiff fully reported to Naugher all of the sexual harassment that Williams had committed.

27. The following week, Naugher allegedly went to the store and talked to Williams about the sexual assault and harassment.

4

28. After Plaintiff reported the sexually hostile environment, Naugher never initiated contact with Plaintiff.

29. Defendant's policy states that "Any harassment or discrimination, if found to be true, will be grounds for immediate dismissal. If you feel that you are the recipient of inappropriate behavior, or witness any such behavior by an employee of Sterling Restaurants, LLC, <u>you are to report the incident immediately to your District Manager</u>." (emphasis in original).

30. Plaintiff complied with Defendant's policies regarding reporting the sexual harassment to Defendant's District Manager, Calum Naugher.

31. Plaintiff always had to contact Naugher to learn any information.

32. After Plaintiff's complaint of sexual harassment to Naugher, Defendant's General Manager, Kevin Gast, created a hostile work environment in retaliation for reporting the sexual hostile environment that he failed to prevent from happening.

33. In an effort to terminate Plaintiff's employment or force Plaintiff to resign, Gast did everything possible to second-guess Plaintiff's performance.

34. Plaintiff asked Naugher for a transfer to a different store.

35. Despite Plaintiff's efforts to report the sexually harassing conduct, Williams continued to sexually harass the Plaintiff.

36. Defendant failed to adequately train its management personnel in

regards to prohibitions against sexual harassment of subordinates.

37. Defendant's actions in failing to protect Plaintiff from a sexually hostile work environment created by Williams was a violation of Title VII.

38. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering mental anguish.

## V.   COUNT TWO – Retaliation

39. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 38 above.

40. Through text message, Plaintiff initiated communication with Defendant's District Manager, Calum Naugher, to report Mr. Williams' behavior and the assault.

41. A day after Plaintiff sent the text message to Naugher, he spoke to Plaintiff over the telephone.

42. Plaintiff fully reported to Naugher all of the sexual harassment that Williams had committed.

43. Defendant's policy states that "Any harassment or discrimination, if found to be true, will be grounds for immediate dismissal. If you feel that you are the recipient of inappropriate behavior, or witness any such behavior by an employee of Sterling Restaurants, LLC, <u>you are to report the incident immediately to your District Manager</u>." (emphasis in original).

6

44. Plaintiff complied with Defendant's policies regarding reporting the sexual harassment to Defendant's District Manager, Calum Naugher.

45. After Plaintiff's complaint of sexual harassment to Naugher, Defendant's General Manager, Kevin Gast, created a hostile work environment in retaliation for reporting the sexual hostile environment that he failed to prevent from happening.

46. On May 4, 2016, Respondent terminated Dayton's employment. Gast stated that Plaintiff had improperly made salsa.

47. Plaintiff informed Gast that she had followed the store's recipe.

48. Gast then terminated Plaintiff employment for allegedly arguing with him about the salsa's quality.

49. Gast has never terminated other employees for failure to follow a recipe.

50. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

VI. **COUNT TWO – Assault and Battery**

51. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 50 above.

52. Williams, as an Agent of Defendant, subjected Plaintiff to an offensive, non-consensual sexual touching.

53. Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed its employee/agent, Williams.

54. As a result of the assault and battery committed by Williams, Plaintiff has suffered damages in the form of mental anguish.

### VII. COUNT THREE – Invasion of Privacy

55. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 54 above.

56. Williams' unwanted touchings resulted in an invasion of privacy.

57. Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed by its employee/agent, Williams.

58. The unwanted sexual harassment of Plaintiff violated her personal bodily privacy by exposing her to unwanted touchings and sexual comments.

59. Defendant authorized, ratified and/or condoned the actions of its employee/agent, which amounted to invasion of privacy.

60. By reason of each and every act of Williams, Defendant subjected Plaintiff to an invasion of privacy, causing irreparable damage to Plaintiff by causing her to suffer physical distress and mental anguish.

61. As a result of Defendant's actions, Plaintiff has been damaged suffering mental anguish, together with loss of pay and benefits.

## VIII. COUNT FOUR – Tort of Outrage

62. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 61 above.

63. During the course of her employment, Defendant subjected Plaintiff to a sexually hostile work environment through the conduct of Williams.

64. Williams' comments to Plaintiff were sexual in nature.

65. Williams' touching of Plaintiff's vaginal area was sexual in nature.

66. Defendant authorized, ratified and/or condoned its employee/agent's actions, which amounted to the tort of outrage.

67. Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed its employee/agent, Williams.

68. As a result of Defendant's actions, Plaintiff has been damaged suffering mental anguish, together with other compensatory damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violation of the rights of the Plaintiff as secured by Title VII, and pendent state claims.

B.   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and pendent state claims.

C.   Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

DEFENDANT'S ADDRESS:

Sterling Restaurants, LLC
c/o Alvin Bly
6600 Willow Springs Road
Hope Hull, AL 36043